UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA MARTÍNEZ MEDINA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE – RURAL DEVELOPMENT, THROUGH ITS DIRECTOR JOSÉ A. OTERO-GARCÍA,<br><br>    Defendant. | Civil No. 3:15-CV-01859 (JAF) |

**O R D E R**

This matter is before the court on the motion to dismiss filed by Defendant United States Department of Agriculture-Rural Development through its director José A. Otero-García ("USDA-RD") (ECF No. 12).

On May 15, 2015, Plaintiff María Martínez-Medina ("Martínez") filed a complaint in Puerto Rico Court of First Instance in Toa Alta against the USDA-RD, claiming $1,000,000 in damages, $50,000 in attorney's fees, and for reimbursement of $21,000 of insurance proceeds paid by Cooperativa de Seguros Múltiples. Defendant USDA-RD removed the matter to federal court.

On August 25, 2015, Defendant USDA-RD moved to dismiss Plaintiff Martínez's complaint. (ECF No. 12). In its motion, USDA-RD argues that this court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1), since the named defendant USDA-RD is not a proper party in an action brought under the Federal Tort Claims Act, and because Plaintiff Martínez failed to exhaust her administrative remedies. Additionally, Defendant

USDA-RD asserts dismissal is warranted under Fed. R. Civ. P. 12(b)(6). Plaintiff Martínez failed to oppose the motion to dismiss.

"[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule," so long as the result "does not clearly offend equity." *See NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir.2002) Under Loc. R. 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

The court also finds merit to Defendant USDA-RD's motion to dismiss. Plaintiff Martínez failed to properly name the United States as the proper party defendant. *See Roman v. Townsend*, 224 F.3d 24, 28 (1st Cir. 2000) (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.") (citations omitted)). "[T]he United States is the only proper party defendant under the FTCA, and federal courts lack subject matter jurisdiction as to purported FTCA claims brought against federal agencies or their employees." *Barros-Villahermosa v. United States*, No. CIV. 06-1491, 2007 WL 4149805, *4 (D.P.R. Nov. 19, 2007) (citing *Aviles-Diaz v. United States*, 194 F .Supp.2d 85, 86 (D.P.R. 2002).

Accordingly, Defendant United States Department of Agriculture-Rural Development's motion to dismiss for lack of subject matter jurisdiction (ECF No. 12) is

GRANTED.  Plaintiff María Martínez-Medina's complaint is dismissed. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of November, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
